ROCHELLE L. WILCOX (State Bar No. 197790)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St., Suite 2400
Los Angeles, California 90017-2566
Telephone (213) 633-6800
Fax (213) 633-6899
Email: rochellewilcox@dwt.com

STEPHEN M. RUMMAGE (*Pro Hac Vice Pending*)
KENNETH E. PAYSON (*Pro Hac Vice Pending*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone (206) 622-3150
Fax (206) 757-7700
Email: steverummage@dwt.com; kenpayson@dwt.com

Attorneys for Defendant CLEARWIRE CORPORATION,
erroneously sued as CLEARWIRE, INC.

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON NEWTON, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>    vs.<br><br>CLEARWIRE, INC.,<br><br>                  Defendant. | Case No. 2:11-cv-00783-WBS-DAD<br><br>STIPULATION AND [~~PROPOSED~~] ORDER TO STAY ACTION PENDING SUPREME COURT RULING IN *AT&T MOBILITY V. CONCEPCION* |

**STIPULATION**

The parties, through their counsel of record, stipulate to entry of the proposed Order set forth below, which (i) stays this action in its entirety until after the United States Supreme Court issues its decision in *AT&T Mobility LLC v. Concepcion*, Supreme Court No. 09-893, and (ii) vacates all pretrial and other deadlines, including the deadline for Clearwire Corporation

1

(erroneously sued as "Clearwire, Inc.") to answer or otherwise respond to the Complaint, to be reset by further agreement of the parties and/or order after the *Concepcion* decision issues.

In support of this request, the parties represent the following to the Court:

1. On March 22, 2011, plaintiff Sharon Newton filed this action against Clearwire on her own behalf and purportedly on behalf of other Clearwire customers.

2. On April 12, 2011, Clearwire's counsel asked Ms. Newton's counsel to stipulate to stay the case until the Supreme Court decides *Concepcion*. The Supreme Court in *Concepcion* is considering whether the Federal Arbitration Act ("FAA") preempts state law from conditioning enforcement of an arbitration clause on the availability of a class action. The Supreme Court's ruling in *Concepcion* might materially affect whether Ms. Newton must arbitrate her claims on an individual basis. Clearwire believes that if the Supreme Court holds in favor of FAA preemption, the arbitration agreement in its Terms of Service would be enforceable against Ms. Newton.

3. District courts in more than a dozen cases across California—including this Court—have stayed proceedings in consumer class action cases to await the Supreme Court's decision in *Concepcion*. *See Alvarez v. T-Mobile USA, Inc.*, 2010 WL 509941 (E.D. Cal. Dec. 7, 2010) (Shubb, J.); *Cardenas v. AmeriCredit Fin. Servs.*, 2011 WL 846070, *5 (N.D. Cal. Mar. 7, 2011); *Cuadras v. MetroPCS Wireless, Inc.*, 2011 WL 227591, 2 (C.D. Cal. Jan. 21, 2011); *In re Apple & ATTM Antitrust Litig.*, No. C07-05152 JW (N.D. Cal. Dec. 9, 2010); *In re Apple iPhone 3G Products Liab. Litig.*, No. C09-02045 JW (N.D. Cal. Dec. 9, 2010); *McArdle v. AT&T Mobility LLC*, 2010 WL 2867305, *4 (N.D. Cal. July 20, 2010); *Gaspar v. Cellco P'ship*, No. CV 10-2139 DSF (C.D. Cal. July 2, 2010); *Gaspar v. AT&T Mobility, LLC*, 2010 WL 4643277, *1 (C.D. Cal. June 28, 2010); *Kaltwasser v. Cingular Wireless LLC*, 2010 WL 2557379, *3 (N.D. Cal. June 21, 2010) (deferring consideration of class certification motion); *Kaplan v. AT&T Mobility, LLC*, 2010 WL 4774790 (C.D. Cal. Sept. 27, 2010); *Lopez v. Am. Express Bank*, 2010 WL 3637755, *5 (C.D. Cal. Sept. 17, 2010); *Del Rio v. Creditanswers, LLC*, 2010 WL 3418430, *3 (S.D. Cal. Aug. 26, 2010); *Burtescu v. AT&T Mobility LLC*, No. 10-58569 (C.D. Cal. Aug. 25, 2010); *Carney v. Verizon Wireless Telecom, Inc.*, 2010 WL 3058106, *3 (S.D. Cal. Aug. 2, 2010).

4.  The relevant factors all favor a stay. As this Court concluded with respect to T-Mobile in *Alvarez*, Clearwire contends it would be irreparably harmed if the Supreme Court later issues a ruling that makes the arbitration agreement in Clearwire's Terms of Service enforceable against Ms. Newton: Clearwire would irretrievably lose the benefit of its arbitration agreements if it is forced to litigate and endure greater discovery and other burdens in court than in arbitration. Moreover, granting a stay furthers judicial efficiency by allowing the Court to use the up-to-date legal standard in determining the enforceability of the class action waiver and to do so before both parties waste time on potentially unnecessary class certification or other briefing and litigation activities.

5.  Based on the foregoing, subject to Court approval, the parties stipulate as follows and jointly request that the Court enter the following Order approving that Stipulation:

(a) This matter is stayed in its entirety pending the outcome of *Concepcion*.

(b) All pretrial and other deadlines are vacated, including the deadline for Clearwire to answer or otherwise respond to the Complaint, to be reset by agreement of the parties and/or order after the *Concepcion* decision. The parties shall provide a status report 15 days after any final decision by the Supreme Court in *Concepcion*.

Stipulated and respectfully submitted this 20th day of April, 2011.

| For Clearwire Corporation: | For Plaintiff: |
|---|---|
| DAVIS WRIGHT TREMAINE LLP | AUDET & PARTNERS, LLP |
| By: /s/*Rochelle L. Wilcox*<br>     Rochelle L. Wilcox | By: /s/ *Jonas P. Mann* (as authorized on April 20, 2011)<br>     Jonas P. Mann |
| Attorneys for Defendant<br>CLEARWIRE CORPORATION | Attorneys for Plaintiff<br>SHARON NEWTON |

**ORDER**

IT IS SO ORDERED.

Pursuant to the parties' above stipulation, the Court STAYS this case until the U.S. Supreme Court issues its decision in *AT&T Mobility v. Concepcion*, No. 09-893. All pretrial and other deadlines are vacated. The parties shall provide a status report 15 days after the Supreme Court's decision in *Concepcion*.

DATED this 22nd day of April, 2011.

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

**Proof of Service**

I, Ellen Duncan, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City and County of Los Angeles, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. I am an employee of DAVIS WRIGHT TREMAINE LLP, and my business address is 865 S. Figueroa St., Suite 2400, Los Angeles, California 90017-2566.

I caused to be served the following document: **Stipulation and Proposed Order to Stay**

I caused the above document to be served on counsel listed below by the following means:

>   I enclosed a true and correct copy of said document in an envelope and placed it for collection and mailing with the United States Post Office on April 20, 2011, following the ordinary business practice.

| | |
|---|---|
| Michael McShane, Jonas P. Mann | Clayton Halunen, Shawn Wanta |
| Audet & Partners, LLP | Halunen & Associates |
| 221 Main Street, Suite 1460 | 1650 IDS Center, 80 South Eighth Street |
| San Francisco, CA 94105 | Minneapolis MN  55402 |

>   I enclosed a true and correct copy of said document in an envelope, and placed it for collection and mailing via Federal Express on          , for guaranteed delivery on          , following the ordinary business practice.

>   I consigned a true and correct copy of said document for email transmission on April 20, 2011, to the email addresses below:
>   mmcshane@audetlaw.com
>   jmann@audetlaw.com

>   I enclosed a true and correct copy of said document in an envelope, and consigned it for hand delivery by messenger on , on counsel listed below:

   I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

   Executed on April 20, 2011, at Los Angeles, California.

                                                  _____
                                                  Ellen Duncan