IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHARON NEWTON,

    Plaintiff,                    2:11-CV-00783-WBS-DAD

    vs.

CLEARWIRE CORPORATION,        <u>ORDER</u>

    Defendant.
_____/

        This matter came before the court on August 26, 2011, for hearing on plaintiff Sharon Newton's motion to compel further responses to discovery requests. Attorney Bryce Miller appeared telephonically on behalf of plaintiff and attorney Kenneth Payson appeared telephonically on behalf of defendant Clearwire Corporation.

        After considering all written materials submitted in connection with the motion, and after hearing oral argument, the court took the motion under submission for decision. For the reasons set forth below, plaintiff's motion to compel will be granted in part.

**BACKGROUND**

        Plaintiff, a Clearwire Internet service subscriber, sued defendant Clearwire Corp. alleging that it illegally throttles the internet connection speeds of its customers. Plaintiff asserts claims for violation of California's consumer protection statutes, breach of contract, and unjust

enrichment, and seeks declaratory and injunctive relief on behalf of a proposed nationwide class. Defendant disputes plaintiff's claims and contends that those claims are being asserted in the wrong forum.  On April 25, 2011, pursuant to stipulation and order this case was stayed pending the decision of the United States Supreme Court in the case of AT&T v. Concepcion.  (Doc. No. 14.)  On May 13, 2011, the stay was lifted by stipulation and order.  (Doc. No. 17.)

On June 9, 2011, defendant Clearwire filed its motion to compel arbitration and stay claims, contending that in her service contract plaintiff had expressly waived her right to participate in class action litigation and instead agreed to arbitrate on an individual basis the claims she seeks to assert here.  Responding to defendant's motion to compel arbitration, plaintiff served interrogatories and requests for production of documents which she deemed related to the formation and validity of the arbitration clause.  Defendant Clearwire agreed to produce documents related to plaintiff's assent to the arbitration provision contained in the Terms of Service contract, but refused to respond to requests for discovery aimed at information regarding its arbitration and litigation experience with customers other than plaintiff.  This motion to compel followed.[1]

DISPUTED DISCOVERY REQUESTS

The following interrogatories propounded by plaintiff are in dispute:

> 1.  Identify the number of instances in which Clearwire requested or initiated arbitration against a current or former Clearwire customer and for each such instance provide the name of the customer and describe the outcome of the request for arbitration or the arbitration proceedings.

/////

/////

/////

---

[1] By stipulation and order filed July 8, 2011, the hearing on defendant's motion to compel arbitration was vacated by the assigned District Judge, to be reset following resolution of this dispute with respect to pre-arbitration discovery. (Doc. No. 23.)

2

      2. Identify the number of instances in which Clearwire has initiated nonarbitration legal or debt collection proceedings[2] against a current or former Clearwire customer and for each instance identify the name of customer and describe the outcome of the proceedings.

      3. Identify the number of instances in which a current or former Clearwire customer has requested or initiated arbitration of a claim against you and for each such instance provide the name of the customer and describe the outcome of the request for arbitration or arbitration proceedings.

      4. Identify the number of instances in which a current or former Clearwire customer has initiated non-arbitration legal proceedings against you and for each such instance identify the name of the customer and describe the outcome of the proceedings.

The following request for production of documents propounded by plaintiff is in dispute:

      8. Produce any and all documents that relate to the policies and procedures Clearwire has implemented or followed regarding any arbitration provision found in any alleged Terms of Service, including by not limited to the policies and procedures for handling requests to opt-out of arbitration, requests to arbitrate, or the initiation of legal proceedings by or against current or former Clearwire customer.

## ANALYSIS

As a general matter, under the Federal Rules any matter relevant to a claim or a defense is discoverable. Fed. R. Civ. P. 26(b); <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1063 (9th Cir. 2004). The broad scope of discovery under Rule 26(b)(1) encompasses any matter that bears upon, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. <u>Oppenheimer Fund, Inc. V. Sanders</u>, 437 U.S. 340, 351 (1978). However, the court may limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties'

---

[2] At the hearing on the motion to compel plaintiff withdrew the request for discovery related to debt collection proceedings since as the arbitration provision at issue expressly excluded such proceedings.

3

resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).  See also Rivera, 364 F.3d at 1063; Playboy Enterprises, Inc. v. Welles, 60 F. Supp.2d 1050, 1053-54 (S.D. Cal. 1999).  The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995).  In turn, the party opposing discovery has the burden of clarifying, explaining and supporting its objections with competent evidence (DirectTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)), as well as the ultimate burden of showing that discovery should not be allowed. Gerawan Farming, Inc. V. Prima Bella Produce Inc., No. 1:10-cv-0148 LJO JLT, 2011 WL 2518948, at *2 (E.D. Cal. June 23, 2011) (citing Harcum v. LeBlanc, 268 F.R.D. 207, 210 (E.D. Pa. 2010) and Cable & Computer Tech. Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 750 (C.D. Cal. 1997)).

Despite the broad scope of discovery normally permitted in civil actions under the Federal Rules, discovery in connection with a motion to compel arbitration is limited under the Federal Arbitration Act ("FAA").  In this regard, the Ninth Circuit has explained that the FAA provides for discovery in connection with a motion to compel arbitration only if "the making of the arbitration agreement . . . be in issue." Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 726 (9th Cir. 1999) (internal quotation and citation omitted).  See also Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967) (on application for stay pending arbitration, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate); Hibler v. BCI Coca-Cola Bottling Co. of Los Angeles, No. 11-CV-298 JLS (NLS), 2011 WL 4102224, at *2 (S.D. Cal. Sept. 14, 2011) (Because the court's role is strictly limited to determining arbitrability and enforcing agreements to arbitrate, merits and classwide discovery was inappropriate prior to resolution of motion to compel arbitration).

/////

1    Here, defendant argues that the court should deny plaintiff's motion to compel
2 discovery with respect to the disputed interrogatories and the request for production of
3 documents in its entirety because: 1) the circumstances surrounding defendant's litigation or
4 arbitration with other customers has no bearing on whether the arbitration agreement at issue is
5 unconscionable; 2) plaintiff's argument that the requested discovery is relevant to the question of
6 whether the arbitration agreement at issue in this case operates to exculpate the defendant of
7 liability is foreclosed by the Supreme Court's recent decision in AT&T v. Concepcion, --- U.S.
8 ---, 131 S. Ct. 1740 (2011); and 3) settled law bars plaintiff's request for discovery of the names
9 of potential class members.

10   Plaintiff argues that her challenge to the validity of arbitration clause at issue on
11 the grounds of unconscionability survives the Supreme Court's decision in Concepcion.
12 Specifically, plaintiff argues that under California law, a contract term is unconscionable if it is
13 the product of "oppression" or "surprise" due to unequal bargaining power of the parties and
14 produces "overly harsh" or "one-sided results" and that her pre-arbitration discovery requests
15 have been narrowly tailored to seek only information related to results produced by the
16 arbitration clause in question.  Plaintiff's suggestion is that if discovery reveals that those results
17 are fairly characterized as overly harsh or one-sided, she will be able to defeat defendant's
18 motion to compel arbitration on the grounds that this arbitration clause is unconscionable.  The
19 court is persuaded by this aspect of plaintiff's argument.

20   Under the FAA:

21   A written provision in any maritime transaction or a contract
     evidencing a transaction involving commerce to settle by
22   arbitration a controversy thereafter arising out of such contract or
     transaction, or the refusal to perform the whole or any part thereof,
23   or an agreement in writing to submit to arbitration an existing
     controversy arising out of such a contract, transaction, or refusal,
24   shall be valid, irrevocable, and enforceable, save upon such
     grounds as exist at law or in equity for the revocation of any
25   contract.

26 9 U.S.C. § 2.

5

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985). See also Perry v. Thomas, 482 U.S. 483, 490 (1987) (the FAA "embodies Congress' intent to provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause"); Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000)  As such, there is a liberal policy favoring arbitration. Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1 (1983); Chiron Corp., 207 F.3d at 1128.  However, despite that liberal policy "state law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." Perry, 482 U.S. at 492 n.9.  See also Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 685 (1996); Ticknor v. Choice Hotels International, Inc., 265 F.3d 931, 937 (9th Cir. 2001). Therefore, "generally applicable contract defenses, such as fraud, duress or unconscionability, may be applied to invalidate arbitration agreements without contravening Section 2" of the FAA. Doctor's Associates, Inc., 517 U.S. at 687.  See also Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1268 (9th Cir. 2006); Ticknor, 265 F.3d at 937.

In Discover Bank v. Superior Court, 36 Cal.4th 148 ( 2005), the California Supreme Court had held that an arbitration agreement that is part of a consumer contract and that contains a class-action waiver is, as a general matter, unconscionable.  In this regard, the California Supreme Court stated:

> We do not hold that all class action waivers are necessarily unconscionable.  But when the waiver is found in a consumer contract of adhesion in a setting in which disputes between the contracting parties predictably involve small amounts of damages, and when it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money, then, at least to the extent the obligation at issue is governed by California law, the waiver becomes in practice the exemption of the party "from responsibility for [its] own fraud, or willful injury to the person or property of another."  Under these circumstances, such

        waivers are unconscionable under California law and should not be enforced.

36 Cal.4th at 162-63 (citation omitted).

      In Concepcion, the Supreme Court addressed whether the FAA preempted the public-policy based rule announced in Discover Bank. See 131 S. Ct. at 1746. The Supreme Court held the Discover Bank rule was preempted because "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." 131 S. Ct. at 1748. In so holding, however, the Supreme Court specifically reaffirmed that the FAA "permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' [although] not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." Id. at 1746 (quoting Doctor's Associates, Inc., 517 U.S. at 687).[3]

/////

---

[3] Here, plaintiff conflates the concepts of unconscionability and exculpation in arguing that her discovery requests are crafted to elicit information relevant to whether the arbitration clause at issue produces overly harsh or one-sided results, thereby operating to exculpate defendant of all liability. As noted above, in Discover Bank, the California Supreme Court had held that a class action waiver was unconscionable as a violation of public policy when it operated to exempt a party "from responsibility for [its] own fraud, or willful injury to the person or property of another." 36 Cal.4th at 161-63 (quoting Cal. Civ. Code § 1668). However, the Supreme Court explicitly rejected the Discover Bank rule which was based upon § 1668, finding it to be preempted by the FAA. Accordingly, defendant's argument that the decision in Concepcion forecloses the claim that the arbitration clause at issue here is unlawful because it functions to exculpate defendant of all liability, is well founded. See In re DirectTV Early Cancellation Fee Marketing and Sales Practice Litigation, --- F. Supp.2d ---, ---, No. ML 09-2093 AG (ANx), 2011 WL 4090774 at *6 (C.D. Cal. Sept. 6, 2011) ("After Concepcion, [plaintiff's] argument that provisions of his arbitration agreement effectively establishes barriers to bringing small claims in arbitration, thereby exempting [Defendant] from liability is untenable."); In re Apple and AT&T iPad Unlimited Data Plan Litigation, No. C-10-02553 RMW, 2011 WL 2886407 at *3 (N.D. Cal. July 19, 2011) ("Plaintiff's argument that Cal. Civ. Code § 1668 continues to preclude enforcement of ATTM's class action waiver is unconvincing. Cal. Civ. Code § 1668 is the source of the Discover Bank rule that was explicitly rejected by the Supreme Court."). However, the Supreme Court in Concepcion did not foreclose a claim that an arbitration clause is unconscionable on all other grounds recognized under state law.

Even in the wake of the decision in Concepcion, however, "arbitration agreements are still subject to unconscionability analysis." Kanbar v. O'Melveny & Myers, --- F. Supp.2d ---, ---, No C-11-0892 EMC, 2011 WL 2940690 at *6 (N.D. Cal. July 21, 2011).  See also In re DirectTV Early Cancellation Fee Marketing and Sales Practice Litigation, 2011 WL 4090774 at *5 ("As Concepcion made clear, the savings clause of the FAA still permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability"); Hamby v. Power Toyota Irvine, --- F. Supp.2d ---, ---, Case No. 11cv544-BTM (BGS), 2011 WL 2852279 at *1 (S.D. Cal. July 18, 2011) (concluding that the decision in Concepcion "does not stand for the proposition that a party can never oppose arbitration on the ground that the arbitration clause is unconscionable."); Mission Viejo Emergency Medical Associates v. Beta Healthcare Group, 197 Cal. App.4th 1146, 1158 (2011) (noting that under the holding in Concepcion the "[g]eneral state law doctrine pertaining to unconscionability is preserved unless it involves a defense that applies 'only to arbitration or that derive[s] [its] meaning from the fact that an agreement to arbitrate is at issue.'") (quoting Concepcion, 131 S. Ct. at 1746)).[4]

"[I]n assessing whether an arbitration agreement or clause is enforceable, the Court should apply ordinary state-law principles that govern the formation of contracts." Davis v. O'Melveny & Myers, 485 F.3d 1066, 1072 (9th Cir. 2007).  Under California law, unconscionability has both procedural and substantive elements. Hernandez v. Bank of America, Countrywide, No. 1:11-cv-0001 OWW JLT, 2011 WL 1830630, at *5 (E.D. Cal. May 12, 2011) (and California cases cited therein).

> "'The procedural element focuses on two factors: 'oppression' and 'surprise.' [Citations]  'Oppression' arises from an inequality of

---

[4] "Generally applicable contract defenses, such as unconscionability, may render an arbitration provision unenforceable." Omstead v. Dell, Inc., 549 F.3d 1081, 1085 (9th Cir. 2010).  See also Shroyer v. New Cingular Wireless Services, Inc., 498 F.3d 976, 981 (9th Cir. 2007) ("It is well-established that unconscionability is a generally applicable contract defense, which may render an arbitration provision unenforceable.").

> bargaining power which results in no real negotiation and 'an absence of meaningful choice.' [Citations] 'Surprise' involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms. [Citations.]'"

Stirlen v. Supercuts, Inc., 51 Cal. App.4th 1519, 1532 (1997) (quoting A & M Produce Co. v. FMC Corp., 135 Cal. App.3d 473, 486 (1982)).  On the other hand,

> [s]ubstantive unconscionability refers to overly harsh or unjustifiable one-sided results.  A contract is largely an allocation of risks between the parties.  A contractual term is substantively suspect if, viewed at the time the contract was formed, it allocates the risks in an unreasonable or unexpected manner.

Zullo v. Superior Court, 197 Cal. App.4th 477, 484 (2011).

Both forms of unconscionability must be present in order to invalidate a contract due to unconscionability, but they need not be present in equal parts. Zullo, 197 Cal. App.4th at 484; Aron v. U-Haul Company of California, et al., 143 Cal. App. 4th 796, 808 (2006).  "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa."  Armendariz v. Foundation Health Psychcare Services, Inc, 24 Cal.4th 83, 114 (2000).  See also Aron, 143 Cal. App. 4th at 808.

Through her disputed interrogatories and request for production of documents, plaintiff seeks to discover information related to the number of instances and outcomes in which: 1) defendant initiated arbitration; 2) defendant initiated non-arbitration legal proceedings; 3) a current or former customer of defendant initiated arbitration; and 4) a current or former customer of defendant initiated non-arbitration legal proceedings.  Plaintiff asserts that the discovery she seeks will aid her in determining if the arbitration provision at issue is substantively unconscionable because it produces overly harsh or one-sided results.

Under California Civil Code §1670.5(b) plaintiff is entitled to:

> a reasonable opportunity to present evidence as to [a contract's] commercial setting, purpose, and effect to aid the court in determining if the contract or any clause thereof is unconscionable.

9

1  Hamby, 2011 WL 2852279, at *1.  Moreover, "[a] court considering substantive
2  unconscionability should inquire 'whether the term is one-sided and will have an overly harsh
3  effect on the disadvantaged party.'"  In re DirectTV Early Cancellation Fee Marketing and Sales
4  Practice Litigation, 2011 WL 4090774, at *6 (quoting Pokorny v. Quixtar, Inc., 601 F.3d 987,
5  997 (9th Cir. 2010)); see also Ting v. AT&T, 319 F.3d 1126, 1149 (9th Cir. 2003) ("In
6  determining whether an arbitration agreement is sufficiently bilateral, courts assessing California
7  law look beyond facial neutrality and examine the actual effects of the challenged provision.");
8  Walnut Producers of California v. Diamond Foods, Inc., 187 Cal. App.4th 634, 644 (2010)
9  ("While unconscionability is ultimately a question of law, numerous factual inquiries bear upon
10 the question.") (internal quotation and citation omitted); Independent Ass'n of Mailbox Center
11 Owners, Inc. v. Superior Court, 133 Cal. App.4th 396, 407 (2005) ("Additionally, a claim of
12 unconscionability often cannot be determined merely by examining the face of a contract, but
13 will require inquiry into its commercial setting, purpose, and effect.") (internal quotation and
14 citation omitted).

15         The undersigned concludes that much of the information sought by plaintiff
16 through the disputed discovery requests may allow her to make the case that the arbitration clause
17 at issue here produces overly harsh or unjustifiably one-sided results.  Whether the results
18 obtained in arbitration proceedings are overly harsh or unjustifiably one-sided is clearly relevant
19 to plaintiff's claim that this arbitration clause is unconscionable.  Although limited in this pre-
20 arbitration context, the undersigned is mindful that this is the discovery phase of the litigation.  It
21 is the assigned District Judge who will rule on defendant's motion to compel arbitration.
22 Plaintiff should not be hampered from presenting her case with respect to a claim of
23 unconscionability by a discovery order preventing her from obtaining evidence relevant to that
24 issue.

25         Accordingly, the court finds that plaintiff is entitled to much of the discovery she
26 seeks under Federal Rule of Civil Procedure 26(b)(1) since it is relevant to a "claim or defense."

See Hamby, 2011 WL 2852279, at *1 (concluding that in the aftermath of the Supreme Court's decision in Concepcion, plaintiff was entitled to conduct discovery on the issue of whether an arbitration clause and class action waiver was unconscionable); see also Larsen v. J.P. Morgan Chase Bank, N.A., Nos. 10-12936, 10-12937, 2011 WL 3794755 at *1 (11th Cir. 2011) (district court's order which denied a motion to stay pending arbitration in light of the decision in Concepcion vacated and remanded with direction that "discovery is to be limited to issues bearing significantly on the arbitrability of this dispute")[5]; Blair v. Scott Specialty Gases, 283 F.3d 595, 610 (3rd Cir. 2002) (allowing "[l]imited discovery into the rates charged by the AAA and the approximate length of similar arbitration proceedings"); Laguna v. Coverall North America, Inc., Civil No. 09cv2131-JM (BGS), 2011 WL 3176469, at *7 (S.D. Cal. July 26, 2011) ("Because the FAA only permits limited discovery when a motion to compel arbitration is pending, Plaintiffs' discovery must be narrowly tailored to determining whether the arbitration clause is enforceable under California law."); Coneff v. AT&T Corp., No. C06-0944RSM, 2007 WL 738612, at *1-3 (W.D. Wash. Mar. 9, 2007) (allowing plaintiff to conduct discovery relevant to the issue of unconscionability in opposing a motion to compel arbitration).

Defendant also argues that, in any event, plaintiff is not entitled to further responses to her disputed interrogatories to the extent she seeks the names of potential class members because such information is normally not discoverable at the pre-certification stage of litigation. The court is unpersuaded by defendant's argument[6] but finds plaintiff's request for the

---

[5] This Eleventh Circuit decision is designated "Not for Publication" but was handed down after January 1, 2007 and may therefore properly be cited. See Fed. R. App. Pro. 32.1; Eleventh Circuit Rule 36-2.

[6] "The disclosure of names, addresses, and telephone numbers is a common practice in the class action context." Currie-White v. Blockbuster, Inc., No. C 09-2593 MMC (MEJ), 2010 WL 1526314, at *2 (N.D. Cal. Apr. 15, 2010). See also Artis v. Deere & Co., --- F.R.D. ---, No. 10-5289 WHA (MEJ), 2011 WL 2580621, at *3 (N.D. Cal. June 29, 2011) ("Given this standard, the Court finds that Plaintiff is entitled to the contact information of putative class members."); Putnam v. Eli Lilly & Co., 508 F. Supp.2d 812, 814 (C.D. Cal. 2007) (ordering production of the names, addresses, and telephone numbers of putative class members, subject to a protective

names of Clearwire customers who became involved in arbitration or non-arbitration proceedings to be outside the scope of permissible pre-arbitration discovery.  See Prima Paint Corp., 388 U.S. at 403-04 (on application for stay pending arbitration, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate); Simula, Inc., 175 F.3d at 726.  Plaintiff's sole argument as to the relevancy of the customer names to the issue of whether the arbitration clause in question is unconscionable is that such information will allow her to further investigate and test the accuracy of the discovery provided with respect to the outcome of the proceedings in which those customers were involved.  That is an overly speculative and thin reed upon which to rest an order compelling pre-arbitration discovery.[7]

For the reasons stated above, plaintiff's motion to compel defendant's further response to her interrogatories Nos. 1-4 will be granted with respect to "the number of instances" and a description of "the outcome" but not as to the "name of the customer."  Moreover, in light of the limited scope of pre-arbitration discovery, the court will further restrict the required discovery responses to instances and outcomes involving the same arbitration clause contained in the Terms of Service which plaintiff seeks to challenge here.[8]

Finally, turning to plaintiff's request for production of documents the court notes that plaintiff seeks:

/////

---

order); Kress v. Price Waterhouse Coopers, No. CIV S-08-0965 LKK GGH, 2011 WL 3501003, at *3 (E.D. Cal. Aug. 9, 2011) ("If discovery is needed to determine the existence of a class or set of subclasses, it would be an abuse of discretion to deny it."); Babbitt v. Albertson's Inc., No. C-92-1883 SBA (PJH), 1992 WL 605652, at *6 (N.D. Cal. Nov. 30, 1992) (at pre-certification stage of Title VII class action, defendant employer ordered to disclose names, addresses, telephone numbers and social security numbers of current and past employees).

[7] Should the supplemental discovery responses provided as a result of this order suggest a basis to question those results, thereby justifying a request for the production of the names of those customers, plaintiff is free to renew her motion to compel based upon such a showing.

[8] The court finds that although defendant stated a general objection to all of the discovery requests addressed herein based upon the burden of production, defendant failed to establish that responding to plaintiff's interrogatories would in fact pose an undue burden upon it.

>any and all documents that relate to the policies and procedures Clearwire has implemented or followed regarding any arbitration provision found in any alleged Terms of Service, including by not limited to the policies and procedures for handling requests to opt-out of arbitration, requests to arbitrate, or the initiation of legal proceedings by or against current or former Clearwire customer.

The court concludes that plaintiff has failed to meet her burden of establishing that this broad request for production of document is relevant to her contention that the arbitration clause at issue produces overly harsh or one-sided results. Fed. R. Civ. P 26(b)(1); <u>Soto</u>, 162 F.R.D. at 610. The court also finds that plaintiff's request for production of such documents to be overly broad and that the production of such documents would likely be unduly burdensome. Accordingly, plaintiff's motion to compel with respect to the production of documents will be denied at this time.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 22, 2011 motion to compel (Doc. No. 25) is granted in part as limited above with respect to the disputed interrogatories;

2. Plaintiff's July 22, 2011 motion to compel (Doc. No. 25) is denied with respect to the disputed request for production of documents; and

3. Defendant shall provide plaintiff's counsel supplemental responses to plaintiff's interrogatories within thirty (30) days of the date of this order.

DATED: September 22, 2011.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
ddad1\orders.civil\newton783.oah