ROCHELLE L. WILCOX (State Bar No. 197790)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St., Suite 2400
Los Angeles, California 90017-2566
Telephone (213) 633-6800
Fax (213) 633-6899
Email: rochellewilcox@dwt.com

STEPHEN M. RUMMAGE (*Admitted Pro Hac Vice*)
KENNETH E. PAYSON (*Admitted Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone (206) 622-3150
Fax (206) 757-7700
Email: steverummage@dwt.com; kenpayson@dwt.com

Attorneys for Defendant CLEARWIRE CORPORATION,
erroneously sued as CLEARWIRE, INC.

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON NEWTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CLEARWIRE, INC.,<br><br>Defendant. | Case No. 2:11-cv-00783-WBS-DAD2:11-cv-00783-WBS-DAD<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff Sharon Newton ("Ms. Newton") and Defendant Clearwire Corporation ("Clearwire"), through their respective counsel, stipulate to the entry of a Protective Order ("Order") pursuant to Federal Rule of Civil Procedure 26(c)(1), and applicable decisional law regarding the treatment of confidential information ("Order).

Good causes exists for this Order because the disclosures and discovery in this case will likely involve the production of confidential or private information concerning, among other topics, confidential settlement agreements and communications between Clearwire and its customers, confidential proprietary information regarding Clearwire's business, and personal,

financial, and identifying information regarding Clearwire customers. Special protection of these categories of information from public disclosure and/or from use for any purpose other than prosecuting or defending this litigation is warranted.

Accordingly, the parties stipulate to the Court entering the following Order. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Order will contain the following terms and conditions.

1. **DEFINITIONS.**

   a. "**Confidential.**" In connection with the discovery proceedings in this action, the parties may designate any document or information derived therefrom as "Confidential" under the terms of this Order. Confidential information consists of: (a) information produced for or disclosed to a receiving party; (b) a party reasonably and in good faith believes the information constitutes confidential, personal, or consumer information, or otherwise constitutes private information and/or confidential material whether embodied in physical objects, documents, or other factual knowledge of persons; and (c) a party designates the information as confidential in compliance with this Order, and in advance of its production.

   Information which has been made public without violating the confidentiality or privacy rights of any individual or entity may not be designated as Confidential.

   b. "**Attorneys Eyes Only.**" Information may be designated "Attorneys Eyes Only" when it contains confidential information which would put the producing person or entity at a disadvantage if the information became known to the receiving party. Such information may include, but is not limited to: non-public, personal financial information. Information also may be designated as "Attorneys Eyes Only" if required by a prior court order or by agreement with a third party that requires such treatment.

   Information which has been made public without violating the confidentiality or privacy rights of any individual or entity may not be designated as Attorneys Eyes Only.

**2.     DESIGNATION OF MATERIAL.**

     a.     Any party to this action, through its counsel, may designate any document it is producing containing Confidential information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable, by marking each page so designated at the time when the document containing the information is first produced, served, or otherwise disclosed with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable."  Stamping the cover of any multi-page document shall designate all pages of the documents, unless otherwise indicated by the designating party, but only if the entire document is produced in bound or otherwise intact manner.  The failure to mark a document or thing in accordance with this Order shall not preclude any party desiring to designate the document or thing thereafter from marking the document or thing and requesting, in writing, the receiving party to so mark and treat the document or thing in accordance with this Order.  Thereafter, the document or thing shall be fully subject to this Order, but the receiving party shall have no liability for any disclosures made prior to such designation.

     b.     Any party to this action, through its counsel, may designate any document containing Confidential information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable, that is produced by another party by informing opposing counsel in writing within 10 calendar days of service of the document of the bates-numbers of each page containing such information.  To the extent that documents are produced prior to the entry of this Order, documents may be so designated by informing opposing counsel in writing within 10 calendar days of the entry of this Order.

     c.     Any deposition testimony in this litigation, or any portion thereof, may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable, by any party before or at the time of the deposition by the party's counsel or by the deponent in accordance with the following procedure:

          i.     At the deposition;

          ii.    After the deposition, provided such designation is made in writing to opposing counsel within 10 calendar days of receipt of the official deposition transcript; all

deposition testimony shall be treated as "CONFIDENTIAL" until the 10 calendar day period has expired.

   d. To the extent that deposition testimony concerns any Confidential documents or subjects designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," by any party, arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.

   e. Counsel's treatment of designated documents or information in conformity with the indicated designation shall not be an admission or agreement by any party that the designated information, in fact or in law, constitutes or contains any proprietary and/or confidential information of any other party.  The designation of information as being "CONFIDENTIAL" pursuant to this Order shall not, in substantive proceedings in this action, excuse or relieve the designating party from the burden of proof imposed by the relevant substantive law.

   f. This Order shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidentiary material.  This Order shall also be without prejudice to the rights of any person to oppose production of any information on any proper ground.

3. **USE OF CONFIDENTIAL MATERIAL.**

   a. Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from material designated as Confidential ("Confidential Material") shall be used only for the purpose of the prosecution, defense or settlement of this action and for no other purpose.  Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court and to counsel for a party, including the paralegal, clerical and secretarial staff employed by such counsel.  Counsel who obtain Confidential Information shall not disclose it to anyone other than the following persons:

4

1    i.    The parties and representatives of a party who are responsible for assisting

2 counsel in the mediation, preparation for trial or settlement of this case;

3    ii.    Employees of such counsel;

4    iii.    Independent experts, consultants and other independent contractors actually

5 retained or employed to consult with, advise or assist counsel in mediation, or the preparation for

6 trial of this case or any persons actually consulted or contacted by counsel for any party in

7 connection with the mediation or preparation for trial of this case;

8    iv.    Persons who are being prepared by counsel to give testimony at a

9 deposition, or who are being examined by counsel at a deposition; and

10    v.    Court personnel, including stenographic reporters engaged in proceedings

11 necessarily incident to any pre-trial proceedings.

12   b.    Before counsel for any party discloses any Confidential Material to any person

13 pursuant to the provisions of this Paragraph (except subparagraph (v)), counsel shall provide the

14 person to whom the disclosure is to be made with a copy of this Order, advise the person of the

15 substance of the Order and the possible penalties for violating the Order, and advise that person

16 that they are bound by the Order.  All persons who obtain Confidential Information pursuant to

17 this Paragraph shall be prohibited from disclosing any Confidential Information to anyone except

18 as permitted by further order of this Court or written agreement of both counsel.  Except as

19 provided above, the persons described in subparagraphs (i)–(iv) shall have access to Confidential

20 Information only after having been made aware of the provisions of this Order and having

21 acknowledged their assent to be bound by executing and delivering a copy of the "Certification"

22 (attached as Exhibit A to this Order), or so stating under oath and on the record.

23  4.   **USE OF ATTORNEYS' EYES ONLY MATERIAL.**

24   a.    Material designated as Attorneys' Eyes Only under this Order, the information

25 contained therein, and any summaries, copies, abstracts or other documents derived in whole or in

26 part from material designated as Attorneys' Eyes Only ( "Attorneys' Eyes Only Material") shall be

27 used only for the purpose of the prosecution, defense or settlement of this action and for no other

28

DAVIS WRIGHT TREMAINE LLP

purpose.  Attorneys' Eyes Only Material produced pursuant to this Order may be disclosed or made available only to the Court and to counsel for a party, including the paralegal, clerical and secretarial staff employed by such counsel, and in-house counsel and paralegals with responsibility for the matter. Counsel or in-house counsel/paralegals who obtain Attorneys Eyes Only Material shall not disclose it to anyone other than the following persons:

    i.    Employees of such counsel;

    ii.    Independent experts, consultants and other independent contractors actually retained or employed to consult with, advise or assist counsel in mediation, or the preparation for trial of this case or any persons actually consulted or contacted by counsel for any party in connection with the mediation or preparation for trial of this case;

    iii.    Persons who are being examined by counsel at a deposition, with respect to information produced by that person or, in the case of an individual, that person's current employer; and

    iv.    Court personnel, including stenographic reporters engaged in proceedings necessarily incident to any pre-trial proceedings.

    b.    Before counsel for any party discloses any Attorneys Eyes Only Material to any person pursuant to subparagraphs (i)–(iii) of this Paragraph, counsel shall provide the person to whom the disclosure is to be made with a copy of this Protective Order, advise the person of the substance of the Order and the possible penalties for violating the Order, and advise that person that they are bound by the Order.  All persons who obtain Attorneys' Eyes Only Information pursuant to this Paragraph shall be prohibited from disclosing any Attorneys' Eyes Only Information to anyone except as permitted by further order of this Court or written agreement of both counsel.  Except as provided above, the persons described in subparagraphs (i)–(iii) shall have access to Attorneys Eyes Only Information only after having been made aware of the provisions of this Order and having acknowledged their assent to be bound by executing and delivering a copy of the "Certification" (attached as Exhibit A to this Order), or so stating under oath and on the record.

5. **PRESENTATION OF MATERIAL TO COURT.**

   a. For any documents, pleadings, applications and/or motions submitted to the Court by any party that attach, quote from, or refer to the substance of documents or materials containing or consisting of Confidential Information or Attorneys Eyes Only Information, the submitting party shall present to the Court a written application and a proposed order demonstrating good cause along with the document[s] submitted for filing under seal in conformance with Local Rule 39-141. The documents containing the purported Confidential Information or Attorneys Eyes Only Information shall be submitted to the Court in sealed envelopes or other appropriate sealed containers. The word "CONFIDENTIAL" shall be stamped on the envelope.

   b. A party may present to the Court any opposition to or support for the request to seal in accordance with Local Rule 39-141(c).

   c. Where filings under seal are explicitly authorized by statute or rule, the request shall set forth the supporting authority as set forth in Local Rule 39-141(b). Under this latter procedure, the documents containing the Confidential Information shall be submitted to the Court in sealed envelopes or other appropriate sealed containers. The word "CONFIDENTIAL" shall be stamped on the envelope, and a statement substantially in the following form shall also be printed on the envelope:

   > This envelope is sealed pursuant to [statute or rule], contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties.

6. **CHALLENGING A DESIGNATION OF CONFIDENTIALITY or ATTORNEYS' EYES ONLY**

   a. A party shall not be obligated to challenge the propriety of a Confidential or Attorneys' Eyes Only designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The designation or failure to designate material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be determinative of that material's status as information suitable for protection from disclosure.

STIPULATED PROTECTIVE ORDER                                           Case No. 2:11-cv-00783-WBS-DAD

DWT 18459764v1 0065187-001084

      b.    All challenges to the propriety of a confidentiality designation of a document, page, or transcript, or a portion of a document, page or transcript shall be first made in writing by a letter or other document identifying the specific material challenged.  The party challenging such designation shall serve on all other parties a captioned Notice of Objection, which shall identify with particularity the designated materials as to which the designation is challenged and state the basis for each challenge ("Notice of Objection").  In the Notice of Objection, each challenged document shall be identified individually.  Within fourteen (14) days of such a challenge, the designating party shall substantiate the basis for such designation in writing to the other party, or forever waive the protection of this Order with respect to the challenged information.

      c.    If the confidentiality of any material is challenged, the parties shall try first to resolve such dispute in good faith on an informal basis.  If informal resolution is not possible, the party asserting confidentiality of the document or the designation of such documents shall bring a motion before the court no later than 45 days from the service date of the Notice of Objection, to have the document designated as Confidential or Attorneys' Eyes Only Material, with notice to all parties and upon a showing of good cause.  "Good cause" shall refer to, among other things, appropriate grounds for claiming and establishing an applicable privilege under California law or other reason(s) why the confidential information should be so designated.  If a party serves a Notice of Objection under this Paragraph, all parties shall continue to treat the information or materials in question as confidential in accordance with the designation until such time as the parties agree to a resolution of the challenged designation, or the Court has ruled on the motion.

**7.     APPLICABILITY OF THIS PROTECTIVE ORDER.**

This Order shall apply to all pre-trial activity in this matter, including, but not necessarily limited to, discovery, mediation, consultation with consultants or experts, preparation for trial and/or settlement of this case.  The parties anticipate that they will (but do not obligate themselves to) negotiate and prepare a new Stipulated Protective Order to define the parameters for use of Confidential and Attorneys' Eyes Only documents and information to be used in the trial and post-trial proceedings in this matter.

**8.   GOOD CAUSE STATEMENT.**

Federal Rule of Civil Procedure 26(c) states that a court may enter a protective order, "upon good cause shown," "to protect a party from annoyance, embarrassment, or undue burden or expense…." Rule 26(c) includes a nonexhaustive list of the kinds of information that may be subject to such a protective order – "trade secret or other confidential research, development, or commercial information." The parties to this Order have good cause to believe that disclosure of their trade secret and other confidential commercial and/or private information would materially harm their financial and commercial interests, as well as unduly infringe on the privacy interests of third parties. *See Phillips v. Byrd*, 307 F.3d 1206, 1211-12 (9th Cir. 2002) ( "[t]he law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information"). Accordingly, the parties have stipulated to this Protective Order pursuant to Rule 26(c).

**9.   MISCELLANEOUS PROVISIONS.**

a.   This Order shall survive the final termination of this action to the extent that the Confidential or Attorneys' Eyes Only Material is not, and does not, become known to the public and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, and upon request of the designating party, counsel for the parties shall assemble all documents, materials and deposition transcripts designated as Confidential or Attorneys' Eyes Only and all copies of same, and shall either deliver such Materials to opposing counsel or destroy such Materials. The designating party shall be entitled to receive, upon request, a declaration signed by the delivering/destroying party setting forth that any and all such Confidential Materials have been delivered and/or destroyed. Notwithstanding the foregoing, counsel may retain one complete file of the litigation, including documents and deposition transcripts designated as confidential and including work product, notes, memoranda and correspondence containing such information, *provided, however*, that the Material is maintained in accordance with paragraphs 3 and 4, above.

DAVIS WRIGHT TREMAINE LLP

b. In the event the Court does not approve this stipulation, all Confidential or Attorneys' Eyes Only Material previously produced shall be immediately returned to the producing party, unless the Court orders otherwise or the parties otherwise agree.

c. Any party receiving a subpoena duces tecum or other lawful process or order of any court, administrative body, tribunal or other public authority requiring the production and disclosure of documents, or the disclosure of information designated by another party as confidential and subject to this Order, shall notify the designating party in writing of receipt of the process or order within three business days of the receipt thereof, and shall not produce the information until the designating party has had reasonable time to object or take other appropriate steps to protect the information.

d. This Order is subject to further order of the Court and may be modified if deemed appropriate and necessary by the Court. The parties and their respective counsel hereby consent to the making of any entry of the foregoing Order.

e. This stipulation may be executed in counterparts.

Stipulated and respectfully submitted this 31st day of October, 2011.

| For Clearwire Corporation: | For Plaintiff: |
|---|---|
| DAVIS WRIGHT TREMAINE LLP | AUDET & PARTNERS, LLP |
| By: /s/ *Kenneth E. Payson* <br> Kenneth E. Payson | By: /s/ *Bryce Miller* (authorized on October 31, 2011) <br> Bryce Miller |
| Attorneys for Defendant <br> CLEARWIRE CORPORATION | Attorneys for Plaintiff <br> SHARON NEWTON |

**IT IS SO ORDERED.**

/s/ Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

**DDAD1/orders.civil.newton0783.spo**